242 P.3d 589 (2010)
2010 OK CIV APP 103
In the Matter of B.C., Deprived Child.
Jodi L. Compton, Appellant,
v.
State of Oklahoma, Appellee.
No. 108,160. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
September 10, 2010.
*590 Brian N. Lovell, Crowley, Martin, Lovell & Cameron, Enid, OK, and Chad N. Davis, Enid, OK, for Appellant.
Cathy Stocker, District Attorney, Tallena McMichael, Assistant District Attorney, Enid, OK, for Appellee.
CAROL M. HANSEN, Judge.
¶ 1 Appellant, Jody L. Compton (Mother), seeks review of the trial court's judgment based on a jury verdict terminating Mother's parental rights to her minor child, B.C. (Child). We reverse and remand for new trial because the record does not show the jury made the necessary findings supporting its verdict.
¶ 2 Appellee, State of Oklahoma (State), acting through its Department of Human Services (DHS), took Child and her two sisters into emergency custody on September 11, 2004. On September 24, 2004, State petitioned for an adjudication the children were deprived, alleging:
That the children do not have the proper parental care or guardianship or the home is an unfit place for them by reason of neglect, abuse, cruelty, or depravity on the part of their parents, ... specifically,
A. That the mother pushed [Child] into the Youth and Family Services Shelter, stating that she wished to place [Child] for adoption and could not handle her any longer.
B. That ... an employee of the shelter, heard [Child] screaming all the way from the car to the door of the shelter.
C. That the family has had three prior prevention cases open with [DHS]. Preventive measures to assist this family have failed, and court intervention is necessary.
D. That the mother attempted to relinquish all parental rights to the three children, per a written statement to DHS dated and signed August 2, 2004.
E. That the mother's actions are emotionally abusive to the children and are harmful to the children's health.
Mother stipulated to the allegations in the petition and the trial court adjudicated the children deprived in a hearing on December 16, 2004, and entered its order on December *591 17, 2004. It concurrently approved an individualized service plan (ISP) identifying the "[c]ondition(s) which need to be corrected" as follows:
The children need to have a stable home environment in which their parent is able to cope with the special needs of [Child] and meet the emotional needs of [her sisters] without resorting to threats and attempts of abandoning her children.
¶ 3 The children were placed in foster care. Child's sisters eventually were placed with their respective fathers. Child was the product of a rape by an attacker not known to Mother. Her unknown father's parental rights were terminated pursuant to 10A O.S.Supp.2009 § 1-4-904(B)(11). In April 2006, DHS placed Child with Mother in a reunification attempt but removed her again in July 2006 after Child, left unsupervised, rode her tricycle into heavy traffic blocks from her home.
¶ 4 The State petitioned to terminate Mother's parental rights on August 21, 2008, alleging Mother had failed to correct Child's deprived condition by failing to attend "counseling sessions to assist her with her own sexual abuse issues, stress management, coping skills, and other issues as determined by her counselor," and by failing to address with the counselor "domestic violence in her relationships." The State also alleged Child had been placed in foster care for fifteen out of the most recent twenty-two months preceding the filing of the petition.
¶ 5 The parties tried the matter to a jury on April 27 and 28, 2009. The jury returned a verdict terminating Mother's parental rights on the grounds she failed to correct the conditions that led to the adjudication Child was deprived although she was given at least three months, and it was in the best interests of Child, but not on the grounds Child had been in foster care for fifteen of the most recent twenty-two months preceding the filing of the petition. The trial court entered judgment based on the verdict, finding Mother's parental rights should be permanently terminated in and to Child, and termination was in Child's best interests.
¶ 6 Mother appealed. The Oklahoma Court of Civil Appeals reversed and remanded, stating:
The order clearly fails to identify the specific conditions leading to adjudication, the specific findings justifying termination, and the specific statutory basis for termination. In the absence of required findings, this Court has consistently held that the Court is effectively precluded from determining if the trial court acted properly in terminating parental rights. Because the termination order here does not identify a specific statutory basis for termination or any findings which support a specific statutory basis for termination, we must reverse the order of the trial court. The order is therefore reversed and the trial court is instructed to enter a proper final order correcting the deficiencies as described in this opinion.
In Re B.C., Case No. 107,074 (Dec. 31, 2009) (citations omitted). On remand, the trial court entered an amended order, stating:
The Jury, being duly sworn, and having listened to all the evidence and arguments, found, by clear and convincing evidence:
(1) that [Child] was adjudicated as a deprived child on December 17, 2004, by stipulation of the Natural Mother to the State's Petition which alleged that the minor child did not have the proper parental care or guardianship or, alternatively, that the home was an unfit place for the minor child;
(2) that [Mother] failed to correct the conditions that led to the adjudication that the child was deprived, although she was given at least (3)[sic] months to correct such condition(s) ...; and
(3) that termination of the natural mother's parental rights is in the best interests of the minor child.
Based upon such findings, the jury returned a verdict in the following form:
We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find by clear and convincing evidence that the parental rights of [Mother] to [Child] SHOULD BE TERMINATED on the statutory ground that the parent failed to correct the conditions *592 that led to the adjudication that the child was deprived, although she was given at least three (3) months, and that it is in the best interests of the child.
¶ 7 Mother now appeals this amended order. She contends the order violated her constitutional and statutory rights by terminating her parental rights based on a process that did not meet the due process requirements discussed in In re C.G., 1981 OK 131, ¶ 9, 637 P.2d 66, or the statutory ISP requirements. She also contends the trial court erred in failing to instruct the jury to make specific findings of fact or of the specific statutory basis for termination.
¶ 8 A court may terminate parental rights to a child if the child has been adjudicated deprived, the parent has failed to correct the condition which led to the child being adjudicated deprived, the parent has been given at least three months to correct the condition, and termination of parental rights is in the best interests of the child. 10A O.S.Supp. 2009 § 1-4-904(A)and (B)(5). In applying these grounds for termination, the Oklahoma Supreme Court has stated,
Due process inexorably commands notice which reasonably informs a person that his legally-protected interest may be adversely affected.... Judicial notice ... can only be found in written judicially-prescribed norms of conduct to which the parent is expected to conform. Once these norms have been fashioned with clarity, the parent is entitled to the minimum statutory period of three months to conform.
Judicial clarity in the prescribed norms of parental conduct is essential to the preservation of the procedural safeguards mandated by state and federal due process. A "fair warning" requirement breathes life into these fundamental-law guarantees, while lack of specificity makes them meaningless.
In re C.G., 1981 OK 131, 637 P.2d 66, 68-69.
¶ 9 The ISP serves as the mechanism for guiding the parent in correcting the condition in order to provide the child with a safe home. 10A O.S.Supp.2009 § 1-4-704. Failure to comply with the ISP, in itself, is not grounds for termination. In re K.C., 2002 OK CIV APP 58, 46 P.3d 1289, 1291. Conversely, compliance with the ISP is not in itself sufficient to regain custody of the child. Termination of parental rights under 10A O.S.Supp.2009 § 1-4-904(B)(5) requires a finding the parent has failed to correct the condition, not a finding the parent failed to comply with the ISP. Correcting the condition leads to reunification, while failure to correct it leads to termination.
¶ 10 A specific statement of the condition leading to the adjudication the child is deprived is paramount to the case. The statement must appear in the trial court's order adjudicating the child deprived, in the ISP, and in the order terminating parental rights upon § 1-4-904(B)(5) grounds. In order for the jury to make a finding the parent failed to correct the condition, the jury must be instructed what the condition was. Therefore, the statement should appear in the jury instructions as well.
¶ 11 In the present case, the record contains multiple, inconsistent formulations of the condition leading to the adjudication Child was deprived. Only the ISP contained a specific statement of the condition leading to adjudication. After the trial court's initial order of termination was reversed for failure to identify the specific conditions leading to termination, the specific findings justifying termination, and the specific statutory basis for termination, the trial court entered another order stating the jury made specific findings. The record shows the jury did not render a special verdict making findings. Had the jury instructions identified the specific condition leading to termination, we could conclude the jury had made the necessary findings supporting its verdict. However, not only does the language of the finding ascribed to the jury of the conditions leading to termination appear nowhere in the jury instructions, it uses only general terms and does not state the specific condition identified in the ISP. The deficiency of the termination order cannot be cured merely by entering an amended order where the record does not show the jury made the necessary findings.
¶ 12 Accordingly, the trial court's amended order terminating Mother's parental rights to Child is reversed and this matter is remanded *593 for new trial as to whether Mother's parental rights should be terminated for failure to correct the condition stated in the ISP, to wit:
The children need to have a stable home environment in which their parent is able to cope with the special needs of [Child] and meet the emotional needs of [her sisters] without resorting to threats and attempts of abandoning her children.
REVERSED AND REMANDED for new trial.
BUETTNER, P.J., and HETHERINGTON, J., concur.